UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LAZARO LUIS MARTINEZ
RODRIGUEZ,

      Petitioner,

    v.                   Case No.:  2:26-cv-01032-SPC-NPM

WARDEN, FLORIDA SOFT SIDE
SOUTH DETENTION CENTER *et
al.*,

      Respondents,

_____/

## OPINION AND ORDER

Before the Court are petitioner Lazaro Luis Martinez Rodriguez's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 5).  For the below reasons, the Court grants the petition.

Martinez Rodriguez is a native of Cuba who applied for admission into the United States on April 17, 2015.  He was deemed inadmissible but paroled into the country under the Cuban Adjustment Act.  Martinez Rodriguez later applied for adjustment of status, but his application was denied.  On May 1, 2018, he was arrested for domestic battery.  An immigration judge ordered him removed on May 15, 2018.  Immigration and Customs Enforcement ("ICE") detained Martinez Rodriguez until August 3, 2018, when he was released on an order of supervision.

In December 2025, local law enforcement arrested Martinez Rodriguez for driving on a suspended license and handed him over to ICE. In February 2026, ICE took Martinez Rodriguez to the Mexican border but did not remove him. The only explanation why is a vague claim that Martinez Rodriguez did not comply with removal. In any case, ICE returned him to Alligator Alcatraz, where he remains detained.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day

removal period plus an additional 90 days.  *Id.*  Courts use a burden-shifting

framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe
> that there is no significant likelihood of removal in the reasonably
> foreseeable future, the Government must respond with evidence
> sufficient to rebut the showing.

*Id.*

The government argues Martinez Rodriguez's petition is premature

because his current detention has not exceeded 180 days.  They assume the

six-month presumptively reasonable period of detention resets each time a

noncitizen is detained.   That assumption is inconsistent with *Zadvydas*.  It

would effectively allow DHS to detain noncitizens indefinitely and avoid

judicial scrutiny by releasing and re-detaining them every 180 days.  As the

Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for

establishing a presumptively reasonable '6-month period' for detention

pending removal supports our conclusion that this period commences at the

beginning of the removal period." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052

n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention

has expired, *Zadvydas*'s burden-shifting framework applies.   Martinez

Rodriguez has carried his initial burden by showing a good reason to believe

there is no significant likelihood of removal in the reasonably foreseeable

future.  ICE was unable to remove him to Cuba in 2018, and the government has made no meaningful progress towards removal since then.

The burden thus shifts to the government.  ICE points to its February 2026 attempt to send Martinez Rodriguez to Mexico.  But the evidence before the Court suggests that was an informal effort to compel voluntary departure, not an above-board removal attempt that complied with statutory and constitutional requirements.  *See Andriasian v. Immigr. and Naturalization Servs.*, 180 F.3d 1033, 1041 (9th Cir. 1999) ("Failing to notify individuals who are subject to deportation that they have the right to apply for asylum in the United States and for withholding of deportation to the country to which they will be deported violates both INS regulations and the constitutional right to due process."); *see also D.V.D. v. U.S. Dep't of Homeland Security*, --- F. Supp. 3d ---, 2026 WL 521557 (D. Mass. Feb. 25, 2026) (setting aside DHS's current third-country removal policy because it violates noncitizens' right to seek fear-based relief under the Convention Against Torture).  ICE makes no attempt to show it can lawfully remove Martinez Rodriguez in the reasonably foreseeable future.

The Court finds no significant likelihood Martinez Rodriguez will be removed in the reasonably foreseeable future.  He is entitled to release from detention under *Zadvydas*.  If removal becomes likely in the reasonably

foreseeable future, ICE can detain Martinez Rodriguez to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

Lazaro Luis Martinez Rodriguez Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondent shall release Martinez Rodriguez within 24 hours of this Order and provide him telephone access so he can arrange his transportation from the facility.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on April 21, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record